**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**<br><br>200 Schulz Drive<br>Red Bank, New Jersey 07701<br><br>**Counterclaimants,**<br><br>v.<br><br>**TILLOTSON CORPORATION,**<br><br>**Counterclaim Defendant.** | **CASE NO.: 1:08-cv-585-RMC** |

**AMENDED COUNTERCLAIM**
**(Removed From The U.S. International Trade Commission)**

Pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e), Counterclaimants

Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc.

("Ansell Protective Products") (collectively "the Ansell counterclaimants") assert this Amended

Counterclaim against Tillotson Corporation ("Tillotson") and in support hereof aver as follows:

**The Parties**

1.      Ansell Healthcare is a limited liability company organized and existing

under the laws of the State of Delaware with a principal place of business in Red Bank, New

Jersey.

2.      Ansell Protective Products is a corporation organized and existing under

the laws of the State of Delaware with a principal place of business in Red Bank, New Jersey.

3.      Tillotson is a Massachusetts corporation with a principal place of business located at One Cranberry Hill, Suite 105, Lexington, Massachusetts.

**Jurisdiction And Venue**

4.      The original filing of this Counterclaim in the United States International Trade Commission ("ITC") was authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e) with the proviso that the respondents/counterclaimants "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

5.      The Ansell counterclaimants did immediately remove this Counterclaim from the ITC to this Court.

6.      This Court has jurisdiction over this Counterclaim pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1332(a), as the Ansell counterclaimants and Tillotson are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.      Venue in the United States District Court for the District of Columbia is proper pursuant to 28 U.S.C. § 1391(a)(2).

**General Averments**

8.      Tillotson was the owner of United States Patent No. 5,014,362 ("the Original '362 patent") which was surrendered during the reissue proceedings that led to U.S. Patent No. Re. 35,616 ("the Reissue '616 patent").

9.      Tillotson is the owner of the Reissue '616 patent.

10.     Tillotson has had a pattern of filing district court lawsuits in Georgia alleging infringement of the Reissue '616 patent that are not designed to obtain an adjudication on the merits of the infringement, validity and enforceability of the Reissue '616 patent. Indeed, in many cases Tillotson does not even attempt to effect service of the complaint. Rather, Tillotson uses these lawsuits and the substantial costs that would be incurred in defending them in an effort to coerce the named defendants into agreeing to take licenses to the Reissue '616 patent. Among the persons against whom Tillotson has filed such actions are the parent and sister corporations of the Ansell counterclaimants, suppliers of the Ansell counterclaimants, and at least one customer of Ansell Healthcare.

11.     Tillotson has also directly asserted counterclaims of infringement of the Reissue '616 patent in declaratory judgment actions initiated by the Ansell counterclaimants in the United States District Court for the District of Delaware.

12.     Additionally, Tillotson has filed, caused to be served and continues to enforce an Amended Complaint in the ITC Investigation pending in the District of Columbia, alleging infringement of the Reissue '616 patent on the part of the Ansell counterclaimants, their parent corporation, Ansell Ltd., their sister corporation, Ansell (Thailand) Ltd., some of their suppliers and at least one customer.

13.     At the times Tillotson initiated the litigations referred to in paragraphs 10-12 above and has continued to pursue them, Tillotson knew that the Reissue '616 patent was (a) invalid because, inter alia, the claims were in certain regards impermissibly broader in scope than claims of the Original '362 patent in derogation of 35 U.S.C. § 251, and the Reissue '616 patent is based on a defective reissue declaration; and (b) unenforceable by reason of Tillotson's fraudulent and inequitable conduct as set forth in paragraph 14 below. Tillotson's pursuit of

such litigation to enforce a fraudulently procured patent, and in particular the continued pursuit of the ITC Investigation, has been in bad faith.

        14.    Tillotson's fraudulent and inequitable conduct consists of the following:

        (a)    Tillotson filed the application for a reissue patent that led to the Reissue '616 patent because, inter alia, it believed the Original '362 patent to be partly inoperative or invalid by reason of Tillotson claiming in error more than Tillotson had a right to claim in view of prior art that Tillotson claimed it was not aware of until after the Original '362 patent issued.

        (b)    Pursuant to 35 U.S.C. § 251, the reissue of a defective patent to correct an error is only authorized when the error was "without deceptive intent."

        (c)    In an attempt to establish that the "error" was without deceptive intent, Tillotson filed with the United States Patent and Trademark Office (the "PTO") a declaration by Neil E. Tillotson, one of the named inventors, in which Mr. Tillotson represented that during the prosecution of the Original '362 patent "neither the patent Applicant nor its attorneys were aware of the prior art" that rendered the Original '362 patent partly inoperative or invalid, which included two prior art products, the Solvex® glove and the Derma-Thin™ glove.

        (d)    This representation was knowingly false.

        (e)    This representation was highly material.

        (f)    This representation was made with the intent to deceive or mislead the PTO.

        (g)    The PTO was deceived and but for this false representation the PTO would not have issued the Reissue '616 patent.

(h)     The Solvex® and Derma-Thin™ gloves were highly material to the patentability of the Original '362 patent.

(i)     Tillotson's knowing and intentional failure to disclose the Solvex® and Derma-Thin™ gloves during the prosecution of the Original '362 patent was with the intent to deceive or mislead the PTO.

(j)     The PTO was deceived and had the Solvex® and Derma-Thin™ gloves been disclosed during the prosecution of the patent, the Original '362 patent would not have been allowed by the PTO in the form it was issued.

(k)     During the prosecution of the Reissue '616 patent, Tillotson and its attorneys relied on certain test data to support claims that it was seeking in the reissue.

(l)     Tillotson knew that this test data was unreliable, but intentionally withheld that fact from the PTO.

(m)     The unreliability of the test data was highly material.

(n)     The knowing and intentional withholding of the fact that the test data was unreliable was done with the intent to deceive or mislead the PTO.

(o)     The PTO was deceived, and but for Tillotson's intentional with-holding of the known unreliability of test data that it relied upon to support it,  claim 23 of the Reissue '616 patent would not have been allowed by the PTO.

15.     Tillotson has publicized on the internet at least some of its litigations and its coerced settlements in an attempt to induce customers not to purchase gloves from its competitors such as the Ansell counterclaimants.

16.    Through its bad faith enforcement of its invalid and fraudulently obtained Reissue '616 patent, Tillotson has caused at least one of Ansell Healthcare's suppliers to enter into a license which has directly resulted in increased costs to Ansell Healthcare.

17.    The claims asserted herein arise under the laws of the District of Columbia, or such other jurisdiction as the Court may determine to be appropriate.

## Count I
## Unfair Competition

18.    The Ansell counterclaimants incorporate herein by reference the averments of paragraphs 1-17 above.

19.    The conduct of Tillotson as averred above constitutes unfair competition.

20.    As a result of such unfair competition, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

21.    Tillotson's unfair competition is knowing, willful and warrants an award of punitive damages.

## Count II
## Tortious Interference With Contract And Prospective Economic Advantage

22.    The averments of paragraphs 1-17 above are incorporated herein by reference.

23.    The improper and tortious actions as described above have interfered with existing contractual rights and prospective economic advantage of the Ansell counterclaimants.

24.    As a result of such tortious conduct, the Ansell counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

25.    Tillotson's tortious interference with the Ansell counterclaimants' contractual rights and prospective economic advantage is knowing, willful and warrants an award of punitive damages.

WHEREFORE, the Ansell counterclaimants pray for judgment against Tillotson as follows:

(a)    A permanent injunction prohibiting Tillotson from asserting or threatening to assert infringement of the Reissue '616 patent against the Ansell counterclaimants, their related corporations, their suppliers, their customers and their potential customers;

(b)    A declaration that the Reissue '616 patent was fraudulently obtained and is invalid and unenforceable;

(c)    An award of compensatory damages;

- 7 -

(d)    An award of punitive damages; and

(e)    The award of such further relief as the Court may deem just and proper.

DATED:    April 28, 2008

_____/s/_____
David M. Morris
D.C. Bar No. 432593
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

Of Counsel:

Thomas B. Kenworthy
David W. Marston Jr.
Kenneth J. Davis
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Telephone:  (215) 963-5000
Facsimile: (215) 963-5001

Counsel for Counterclaimants
Ansell Healthcare Products LLC and
Ansell Protective Products Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2008, I caused the foregoing Amended

Counterclaim to be electronically filed with the clerk of the Court using the CM/ECF system

which will send an electronic notice of filing to the following counsel of record:

Brian Meiners, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC  20006-2706

*Counsel for Counterclaim Defendant
Tillotson Corporation*

DATED:   April 28, 2008

_____/s/_____
David M. Morris
D.C. Bar No. 432593
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001