## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANSELL HEALTHCARE PRODUCTS
LLC, and ANSELL PROTECTIVE
PRODUCTS INC.,**

    **Counterclaimants,**

  **v.**

**TILLOTSON CORPORATION,**

    **Counterclaim Defendant.**

    **C.A. 1:08-CV-585-RMC**

## ANSELL PARTIES' OPPOSITION TO TILLOTSON CORPORATION'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

  Ansell Healthcare Products LLC and Ansell Protective Products Inc. (collectively "Ansell" or "the Ansell parties") hereby oppose Tillotson Corporation's Motion to Dismiss or in the Alternative to Transfer ("Motion"). To the extent that it seeks dismissal, Tillotson's Motion is entirely frivolous, both because Tillotson waived any right to raise this defense by failing to include it in its prior motion under Rule 12 of the Federal Rules of Civil Procedure, and because, on the merits, venue is demonstrably proper in this district under 28 U.S.C. §§ 1391(a)(1) and (2). Likewise, Tillotson's alternative request for transfer of venue should be denied because Tillotson has failed to bear its burden to establish that such relief is appropriate in this case. In addition, based on the lack of merit in Tillotson's papers, as well as its failure to meet and confer before filing, or to withdraw its motion to dismiss when given the chance, Ansell also seeks an order awarding its costs, expenses and attorneys' fees reasonably incurred in preparing this opposition.

  Pursuant to LCvR 78.1, Ansell respectfully requests an oral hearing.

## I.     BACKGROUND

On April 4, 2008, Ansell removed its original Counterclaim to this Court pursuant to 19 C.F.R § 210.14(e).  Declaration of David M. Morris in Support of Ansell Parties' Opposition to Tillotson's Motion to Dismiss or in the Alternative to Transfer ("Morris Decl."), ¶ 2.  On April 23, 2008, Tillotson filed a motion for more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Id.  That motion contained no other grounds for relief, and in particular did not question the basis of the selection of this venue by the Ansell parties.  Id. Counsel for Tillotson did not seek to meet and confer with Ansell's counsel in advance of filing its motion for more particular statement, as required by LCvR 7(m), nor did counsel include in its motion a statement that the discussion required by the Local Rules had occurred.  Id.  On April 28, 2008, Ansell filed an Amended Counterclaim, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, containing very minor amendments that amounted almost entirely to facts known to Tillotson.  Id., ¶ 3; see also Exhibit A, hereto ("red-lined" version of Ansell's Amended Counterclaim).  On May 15, 2008, in response to Ansell's Amended Counterclaim, Tillotson filed a Rule 12(b)(3) motion to dismiss for improper venue, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).  Morris Decl., ¶ 3.  In advance of that motion, Tillotson's counsel again failed to meet and confer as required by LCvR 7(m), and counsel again did not include in its motion a statement that the required discussion had occurred.  Id.

On May 19, 2008, after reviewing Tillotson's motion papers, Ansell's counsel contacted Tillotson's counsel to meet and confer, and in particular to advise that the motion to dismiss portion of Tillotson's papers was frivolous and should be withdrawn.  Id., ¶ 4.  Through a voicemail message, Ansell's counsel explained that the motion was frivolous at least because venue was clearly proper in this district under 28 U.S.C. § 1391(a)(2), because Ansell had pled facts sufficient to establish that "a substantial part of the events . . . giving rise to the claim

occurred" in this district, and because venue was also proper under 28 U.S.C. § 1391(a)(1), because Tillotson is a corporate party that "resides" in this judicial district for purposes of venue. Id.  Ansell's counsel also noted the failure of Tillotson's counsel to meet and confer pursuant to the Local Rules in advance of filing the Motion.  Id.  Tillotson's counsel was given until May 21, 2008, to withdraw the portion of its Motion seeking dismissal and to answer Ansell's Amended Counterclaim to avoid a pursuit by Ansell of sanctions under 28 U.S.C. § 1927.  See id. Tillotson's counsel did not reply within the time provided.  Id., ¶ 5.  Instead, on May 23, 2008, Tillotson's counsel responded by letter, but did not agree to withdraw its motion to dismiss.  Id.; Letter from M. Russell Wofford, Jr. to David M. Morris, dated May 23, 2008, Exhibit B hereto. Rather, counsel professed a lack of understanding as to the bases for Ansell's positions.  Morris Decl., ¶ 5; Exhibit B.  On May 27, 2008, Ansell's counsel explained these bases and provided Tillotson with another opportunity to withdraw its motion to dismiss and to answer Ansell's Amended Counterclaim.  Morris Decl., ¶ 5.; E-Mail from David M. Morris to M. Russell Wofford, Jr., dated May 27, 2008, Exhibit C hereto.  Tillotson's counsel did not agree to do so. Morris Decl., ¶ 5.

## II.     ARGUMENT

Tillotson's Motion should be denied in its entirety.  The portion of the Motion seeking to dismiss for improper venue is baseless for at least three independent reasons.  First, the relief sought under Rule 12(b)(3) was waived by Tillotson when it failed to include it in its Rule 12(e) motion for more definite statement filed in response to Ansell's original Counterclaim.  Second, Tillotson's misplaced arguments to the contrary notwithstanding, venue is proper in this district under 28 U.S.C. § 1391(a)(2), because "a substantial part of the events . . . giving rise to the claim occurred in" this district.  Third, venue is proper in this district under 28 U.S.C. § 1391(a)(1), in that corporate defendant Tillotson "resides" in this district for purpose of the

statute.  See 28 U.S.C § 1391(c) (corporate defendant "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").  Finally, Tillotson's alternative request for transfer of venue should be denied.  Tillotson has failed to meet its burden to demonstrate that Ansell's forum preference should be disregarded in this case, since the claims raised in Ansell's Amended Counterclaim have substantial and meaningful ties to this district, or that transfer should be granted.

      A.      **<u>Tillotson's Motion To Dismiss For Improper Venue Should Be Denied.</u>**

            1.      Tillotson Waived This Request for Relief.

In response to Ansell's original Counterclaim, Tillotson filed a motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Rule 12 is clear that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)."  Fed. R. Civ. P. 12(h)(1)(A).  Rule 12(g)(2) provides: "Except as provided in Rule 12(h)(2) or (3) [which do not apply to a motion objecting to venue], a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).[1]  Tillotson's present motion to dismiss, of course, is premised on Rule 12(b)(3),

---

[1]      Rule 12(h)(2) and (3) provide:

      **(h) Waiving and Preserving Certain Defenses.**

          **(2)** ***When to Raise Others.*** Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

                **(A)** in any pleading allowed or ordered under Rule 7(a);

                **(B)** by a motion under Rule 12(c); or

                **(C)** at trial.

          **(3)** ***Lack of Subject-Matter Jurisdiction.*** If the court determines at any time that it lacks subject-matter jurisdiction, the

and because it was available but omitted from Tillotson's prior Rule 12 motion, it was waived.

See, e.g., Martin v. Delaware Law School of Widener University, 625 F. Supp. 1288, 1296 n. 5

(D. Del. 1985) ("By filing a Motion for a More Definite Statement under Rule 12(e) prior to

filing its Motion to Dismiss, [defendant] has waived the defenses of lack of personal jurisdiction,

improper venue, and insufficient service of process.").

Significantly, this Rule also precludes the filing of a second Rule 12 motion under the

circumstances in this case, where the first motion was filed prior to an amended pleading.  "The

filing of an amended complaint will not revive the right to present by motion defenses that were

available but were not asserted in timely fashion prior to the amendment of the pleading."

Wright and Miller, Federal Practice and Procedure: Civil 3d § 1388.  See also 2-12 Moore's

Federal Practice, § 12.21 (Matthew Bender 3d ed.) ("[A]mending a complaint does not revive

omitted defenses or objections that the defendant could have raised in response to the original

complaint.").  This has been recognized by courts in this district as well.  See, e.g., Lederman v.

United States, 131 F. Supp. 2d 46, 58 (D.D.C. 2001), remanded on other grounds, 291 F.3d 36

(D.C. Cir. 2002); Weber v. Turner, No. 80-0412, 1980 U.S. Dist. LEXIS 17002, at *7 (D.D.C.

Oct. 2, 1980, revised Feb. 11, 1981) (attached as Exhibit D hereto) ("A defense available at the

time of an initial response to a pleading may not be asserted when the initial pleading is

amended.").  As the Lederman court explained:

> Pursuant to Federal Rules of Civil Procedure 12(g), (h), defendants . . . must have
> raised their service of process defense in their response to plaintiff's first
> complaint for declaratory and injunctive relief.  In response to plaintiff's original
> complaint [defendants] appeared and filed a partial motion to dismiss or for
> summary judgment, raising the Rule 12(b)(6) defense for failure to state a claim.
> Defendants did not raise the insufficient service of process defense in their initial

court must dismiss the action.

Fed. R. Civ. P. 12(h)(2) and (3).

> response, even though it is undisputed that this defense was available. . . .
> [Defendants] cannot maintain their improper service of process defense in
> response to plaintiff's amended complaint.

131 F.3d at 58.

Here, there can be no genuine dispute that Tillotson's challenge to venue was available to it in response to Ansell's original Counterclaim. Tilotson's motion for more definite statement only purported to seek information as to which jurisdiction's substantive law applied to Ansell's claims. And, as is clear from the red-lined version of the counterclaim in which the changes of the Amended Counterclaim are underlined (see Exhibit A), none of the changes to Ansell's counterclaim created new issues that gave rise to the venue challenge belatedly made in Tillotson's present Motion. Rather, in response to Tillotson's motion seeking a more definite statement, Ansell merely included the location of litigations to which Tillotson is a party, facts that Tillotson necessarily already knew. See Exhibit A ¶¶ 10-11. The only amendment which Tillotson could even plausibly claim is relevant here is Ansell's allegation that its causes of action "arise under the laws of the District of Columbia or such other jurisdiction as the Court may determine to be appropriate." Id. ¶ 17. However, in its Motion Tillotson asserts that this allegation provides no support for venue in this district. See Tillotson's Mot. to Dismiss at 7 n. 6. Accordingly, Tillotson cannot contend that the amendment that added this statement provides a basis for a venue challenge that was not fully "available" when Tillotson filed its first Rule 12 motion in response to Ansell's initial Counterclaim.

If Tillotson believed that a Rule 12(b)(3) motion challenging venue was appropriate in response to Ansell's Counterclaim, it should have raised it in Tillotson's first motion under Rule 12. Because it did not, the motion was waived. Martin, 625 F. Supp. at 1296 n. 5.

2.    Venue Is Demonstrably Proper In This District.

In the event that the Court decides to reach the merits of Tillotson's motion to dismiss, it

should be denied for two independently sufficient reasons.  First, despite Tillotson's attempts to dispute it, venue is proper in this district under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events . . . giving rise to the claim occurred" in this district.  Second, and ignored by Tillotson, venue is proper in this district under 28 U.S.C. § 1391(a)(1) and 1391(c), because Tillotson concededly "resides" in this district for purposes of the statute.

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  Further, "[t]o prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue."  Id.[2]

Where jurisdiction is founded only on diversity of citizenship, as in this case, 28 U.S.C. § 1391(a) provides that venue is proper in:

> (1)     a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3)     a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[2]     Tillotson asserts that Ansell bears the burden of establishing that venue is proper.  Mot. to Dismiss at 5 (citing cases).  In fact, however, the authorities in this circuit recognize that the D.C. Circuit has yet to rule on the issue, and there is a split among the other circuits, see, e.g., Davis v. American Society of Civil Engineers, 290 F. Supp. 2d 116, 121 (D.D.C. 2003) ("D.C. Circuit has not identified who bears the burden in a challenge to venue"); Flynn v. Veazy Construction Corp., 310 F. Supp. 2d 186, 190 (D.D.C. 2003) ("In this circuit, there is 'little case law on the question of where the burden of persuasion lies when a plaintiff's choice of venue is challenged.'" (citation omitted).), although some cases in this district assume that a plaintiff does bear the burden.  Given the clear support here for a conclusion that venue is proper in this district, however, the issue does not likely affect the outcome of this motion.

35 U.S.C. § 1391(a).  In this case, venue is proper in this district under 28 U.S.C. §§ 1391(a)(2) and 1391(a)(1), so Tillotson's motion to dismiss should be denied.

a.    Venue Is Proper Under 28 U.S.C. § 1391(a)(2).

Venue is proper in this district under 28 U.S.C. § 1391(a)(2), because "a substantial part of the events . . . giving rise to the claim occurred" in this district.  Ansell's Amended Counterclaim accuses Tillotson of a pattern of bad-faith assertions of its '616 Reissue patent in several fora, including Washington, D.C., in which it asserts its patent against Ansell, its parent and sister companies and their customers and suppliers.  Exhibit A, ¶¶ 10-13.  Ansell alleges that Tillotson has taken these actions while knowing that Tillotson caused the patent to be issued through false and misleading statements, and is therefore unenforceable, and despite knowing that the asserted claims are not valid.  Id. ¶¶ 13-14.  Ansell further alleges that Tillotson's actions are tortious in that Tillotson knows that its patent claims are invalid and unenforceable, but it continues to assert them so as to coerce settlements from various entities.  Id. ¶¶ 15-16.  As a central part of this campaign, Tillotson has initiated and continues to maintain a complaint in the International Trade Commission, here in this district.  Id. ¶¶ 12-13.  In addition, according to Ansell's Amended Counterclaim, Tillotson's actions have caused Ansell damages, including the "costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent."  Id. ¶¶ 16, 20 and 23.

To avoid venue in this district, Tillotson seeks to employ a "divide and conquer" strategy.  First, it points to its tortious acts that occurred outside of this district and argues that venue is improper here because Ansell has allegedly failed to plead specifically that it has suffered damages in this district that were caused by these acts.  Mot. to Dismiss at 5-6.  Tillotson cites no authority for its suggestion that allegations of local injury are required, which is not surprising

because there is no such requirement in the venue statute.[3]  All that is required is that "a

substantial part" of the events occurred in this district, 28 U.S.C. § 1391(a)(2), not that a

counterclaimant's injuries occurred here, or that any particular events occurred here.  See

Modaressi v. Vedadi, 441 F. Supp. 2d 51, 57 (D.D.C. 2006).  In Modaressi, cited in Tillotson's

brief, the defendant sought dismissal based on a theory that some of the more important facts

occurred in a different forum.  Judge Bates rejected this argument:

> Defendants no doubt are correct that several key events happened in Maryland
> (something plaintiff does not dispute), and defendants may even be right that this
> suit has a closer transactional nexus with the District of Maryland than with the
> District of Columbia.  That argument, however, misapprehends the question of
> law that the Court must answer.  Nothing in section 1391(b)(2) mandates that a
> plaintiff bring suit in the district where the *most substantial* portion of the relevant
> events occurred, nor does it require a plaintiff to establish that every event that
> supports an element of a claim occurred in the district where venue is sought.  To
> the contrary, a plaintiff need only show that *"a* substantial *part* of the events or
> omissions giving rise to the claim occurred"* in that district. 28 U.S.C. §
> 1391(b)(2) . . . .

441 F. Supp. 2d at 57 (emphasis in original).  Clearly, Tillotson's attempt to create an

additional "local injury" requirement in the venue statute is misplaced.

        Moreover, when all of the allegations of Ansell's Amended Counterclaim are actually

considered, instead of only those selected by Tillotson, it is clear that the factual premise of

Tillotson's argument is simply false.  Ansell alleges tortious acts in this and other districts,

including Tillotson's bad-faith assertion of its fraudulently obtained patent claims against Ansell,

its parent and sister companies and their customers and suppliers.  Exhibit A, ¶ 10-13.  Ansell

also alleges that it has been injured by Tillotson's tortious conduct, including sustaining the

"costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a

---

[3]      Instead, Tillotson cites several cases for the assertion that merely speculative allegations
or unsupported assertions may not be found to support venue.  Mot. to Dismiss at 6.  Since venue
is premised on undisputed allegations of actions taken by Tillotson in this district, not
speculative matters that may or may not have occurred, these authorities do not apply.

fraudulently obtained patent." Id. ¶¶ 16, 20 and 23.  It is certainly reasonable to infer from these allegations that Ansell has sustained injuries in this district (which it clearly has), since Ansell has had to defend against Tillotson's bad-faith ITC complaint here in Washington D.C.  See Darby, 231 F. Supp. 2d at 276 (in considering Rule 12(3) motion, the court accepts the plaintiff's well-pled factual allegation as true, and draws all reasonable inferences from those allegations in the plaintiff's favor).  Thus, even assuming that there was a need to plead an injury in this district, under the applicable case authorities, Ansell has done so.

The second step in Tillotson's strategy seeks to minimize its tortious acts that concededly were committed in this district.  While admitting that it initiated a complaint in the International Trade Commission in this district, in which it has asserted its fraudulently obtained patent against the Ansell parties, Tillotson weakly argues that these actions are "not enough" to establish venue.  Mot. to Dismiss at 6.  Tillotson is wrong.  In fact, Tillotson's complaint is a significant litigation, one in response to which Ansell has been required to expend enormous sums to defend, and one which, taking Ansell's well-pled facts as true, is based on a patent that Tillotson knows is invalid and unenforceable.  Exhibit A, ¶¶ 13-14.  As noted above, Ansell need not plead that all relevant events, or even the most substantial portion of them, transpired in this district; all that is required for venue is that "a substantial part of the events or omissions occurred" in this district.  Modaressi, 441 F. Supp. 2d at 57.

Notably, Tillotson's effort to minimize the D.C. aspects of this matter is not supported by any case authority.  The one case it cites, Crenshaw v. Antokol, 287 F. Supp. 2d 37 (D.D.C. 2003), is readily distinguishable.  In Crenshaw, the plaintiff brought suit in D.C. based on the R.I.C.O. statute, against numerous defendant parties from Indiana concerning facts that all transpired in Indiana.  Id. at 43-44.  Based on the separate venue provisions for R.I.C.O. actions

(18 U.S.C. § 1965), plaintiff argued that venue was proper in the District of Columbia for all

defendants because two of them had outpost offices in D.C. Id. at 43.  The court first determined

that venue did not lie under 28 U.S.C. § 1391(b) because "all of the defendants reside in Indiana,

all of the events giving rise to the plaintiff's claims took place in Indiana, and the plaintiff could

have brought the action in Indiana." Id. at 44.  In assessing the separate R.I.C.O. venue

provision, the court also declined to rely on the D.C. offices of two defendants to conclude that

venue should lie for all the other defendants, especially since venue as to all defendants was

proper in Indiana. Id.

    Unlike the Crenshaw case, Ansell does not seek to rely on the mere presence in this

district of satellite offices of some parties to establish venue as to numerous remote defendants.

Instead, Ansell bases venue in this district on the substantial allegations in its Amended

Counterclaim, which are not even contested by Tillotson, that a significant portion of Tillotson's

pattern of tortious acts were performed by Tillotson in this district, and the reasonable inference

that Ansell was injured here as a result of those acts.  Venue is clearly proper in this district.[4]

    b.    Venue Is Proper Under 28 U.S.C. § 1391(a)(1).

    Venue is also proper in this district under 28 U.S.C. § 1391(a)(1).  As a corporate

defendant, Tillotson "resides" in this district for purposes of venue.  Under 28 U.S.C. § 1391(c),

"a defendant that is a corporation shall be deemed to reside in any judicial district in which it is

---

[4]    Tillotson's argument that Ansell already had an opportunity to "cure" its alleged failure
to plead facts to establish venue when it filed its Amended Counterclaim, but failed to do so, is
faulty for a number of reasons.  For one, as noted above, Tillotson's motion for more definite
statement did not contend that the basis for claiming venue was inadequate in any way.  For
another reason, there is no requirement to "plead" facts to establish venue.  14D Wright, Miller
& Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3826 ("Venue . . . is not a matter of
jurisdiction, and plaintiff is not required to include allegations showing that the district in which
the action has been brought is one of proper venue under a particular statutory provision.").
There is at most an obligation to adduce such facts if venue is challenged.  See n. 2, supra.  And
in any case, Ansell clearly did plead sufficient facts to support venue, as described herein.

subject to personal jurisdiction at the time the action is commenced." 35 U.S.C. § 1391(c). In its

motion, Tillotson completely ignores this basis for venue, but it is significant that Tillotson did

not challenge this Court's assertion of personal jurisdiction over it in *either* of its Rule 12

motions, and it thereby "waive[d] any defense" of personal jurisdiction. See Fed. R. Civ. P.

12(h)(1). Since Tillotson has conceded personal jurisdiction in this judicial district, it "resides"

here for purposes of the venue statutes, and venue is therefore proper in this district under 28

U.S.C. § 1391(a)(1).

**B.    Tillotson Has Failed To Sustain Its Burden To Show That Transfer Should Be Ordered.**

Tillotson's alternative request to transfer this case is unfounded. In fact, its argument

fails even to acknowledge that it is Tillotson's burden to demonstrate that Ansell's choice of

forum should be disregarded and that transfer is proper in this case. Tillotson's cursory

argument, which omits or minimizes numerous significant considerations, wholly fails to meet

this burden.[5]

It is well-established that "[a]s the moving party, the defendant bears the burden of

establishing that the transfer of this action is proper." Greater Yellowstone Coalition v.

Bosworth, 180 F. Supp. 2d 124, 127 (D.D.C. 2001) (citing Airline Pilots Ass'n v. Eastern Air

Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (denying transfer)); Flynn v. Veazy Construction

Corp, 310 F. Supp. 2d 186, 193 (D.D.C. 2004) (denying transfer); Greater Yellowstone Coalition

v. Kempthorne, 2008 WL 1862298 at *3 (D.D.C. 2008) ("A party dissatisfied with the plaintiffs'

---

[5]      Tillotson's failure to include with its motion to transfer a certification pursuant to LCvR
7(m) that it met and conferred with Ansell's counsel prior to filing the motion provides an
independent basis to deny the motion. See, e.g., United States ex rel K & R Ltd. P'ship v. Mass
Hous. Fin. Agency, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) ("A nondispositive motion that does
not comply with the Local Rule [7(m)] will be denied."); Ellipso, Inc. v. Mann, 460 F. Supp. 2d
99, 102 (D.D.C. 2006) (same). Tillotson's disregard of the Local Rules in this district is further
revealed by its identical failure to include such a LCvR 7(m) certification with its Motion for
More Definite Statement.

chosen forum has the burden of demonstrating the appropriateness of transfer." (citation

omitted)).  "If venue is proper, as it is here, transfer elsewhere under Section 1404(a) must be

justified by particular circumstances that render the transferor forum inappropriate by reference

to the considerations specified in that statute."  Kempthorne, 2008 WL 1862298 at *3 (citation

omitted).  To meet this burden, a defendant must demonstrate that the private interests of the

parties, as well as public interests such as efficiency and fairness, favor transfer.  Tillotson has

failed to make such a showing.

       In assessing a motion to transfer, "[t]he court must afford substantial deference to the

plaintiff's choice of forum," Bosworth, 180 F. Supp. 2d at 128 (citation omitted), which is only

mitigated where the plaintiff's choice has "no meaningful ties to the controversy and no

particular interest in the parties or the subject matter."  Id. (citations omitted).  As set forth

above, this forum is the site of a significant portion of Tillotson's tortious activities, as described

in Ansell's Amended Counterclaim, in that Tillotson elected to further its bad-faith litigation

campaign in the District of Columbia.  While Tillotson seeks to diminish its actions here, merely

acknowledging that "there is an ITC investigation pending in the District of Columbia," Tillotson

affirmatively initiated the investigation by filing a complaint with the ITC, and has prolonged its

actions here by continuing to pursue the investigation.  These acts by Tillotson are central to

Ansell's claims, and Ansell's choice of forum is therefore due "substantial deference."

Bosworth, 180 F. Supp. 2d at 128.[6]  Tillotson's arguments fail to overcome Ansell's choice of

forum.

       For example, Tillotson's claim that a transfer to the Northern District of Georgia will

---

[6]    Tillotson's observations that it is incorporated in Massachusetts and the Ansell parties are
incorporated in Delaware and have a place of business in New Jersey only serve to suggest that
its pursuit of a transfer to Georgia is tactical.

result in efficiency and cost savings is misleading, at best. In fact, as Tillotson fails to

acknowledge, none of the litigation pending in that district involves litigation between Tillotson

and the Ansell parties. The only action in that district that concerns one of the Ansell parties

here (Ansell Healthcare) is a claim for indemnification by an Ansell customer; there will be no

opportunity in that case for the Ansell parties to litigate the tort claims raised in their Amended

Counterclaim in this Court. Moreover, Tillotson omits to mention that <u>all</u> of the Georgia

litigation it cites has been stayed during the pendency of the ITC proceeding, including any

appeal thereof. <u>See</u> Order Granting Unopposed Motion to Stay, dated July 6, 2007, Exhibit E

hereto; <u>In re Princo Corp.</u>, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("[28 U.S.C.] § 1659 requires

that the stay of district court proceedings continue until the Commission proceedings are no

longer subject to judicial review."), <u>petition for rehearing denied</u>, 486 F.3d 1365 (Fed. Cir.

2007). Because of this, there is no case in Georgia with which this action could be consolidated

so as to bring about either efficiencies or cost savings. In addition, Tillotson's unsubstantiated

claim of travel cost savings is overstated; the parties' representatives will have to travel from

Massachusetts or New Jersey, respectively, whether to Georgia or the District of Columbia. The

District of Columbia would actually be more convenient to the principals of both Tillotson and

the Ansell parties.

Further, Tillotson's argument about where Ansell's claims "arose" is little more than a

rehash of its arguments that no "substantial part" of Ansell's claim occurred here, or that this

forum has "no meaningful ties" to the controversy. As noted, Ansell's Amended Counterclaim

alleges, in essence, a campaign of bad-faith assertions of rights under Tillotson's '616 Reissue

patent, including assertions by Tillotson in a complaint filed with the ITC in this district.

Clearly, a significant portion of the facts that give rise to Ansell's claims occurred in this forum.

Moreover, Ansell's claims are alleged to arise under the laws of the District of Columbia.  Under the circumstances, Tillotson's suggestion that a court in Georgia "may be better situated" in some way to assess the merits of Ansell's claims is both unfounded and arguably insulting.

Tillotson's final point concerns the supposed convenience of prospective witnesses.[7] Significantly, Tillotson identifies no witness in Georgia, from any party or non-party to this matter, who it believes would be needed in this case and who would be inconvenienced by traveling to this district.  As the party with the burden to demonstrate that transfer is proper, Tillotson may not merely raise a possible, theoretical basis to assert inconvenience.  Instead, it must adduce some evidence to support the relief that it seeks.  See Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000) ("Absent *specific facts* that would cause a district court to question plaintiffs' choice of forum, plaintiffs' choice is afforded substantial deference." (emphasis added)).  Tillotson has failed to support its request for relief.[8]

## III.    CONCLUSION

Tillotson's motion to dismiss is frivolous, both because the motion was waived by Tillotson's failure to include it in its prior motion under Rule 12 in response to Ansell's original Counterclaim and because venue is demonstrably proper in this district under both 28 U.S.C. §§ 1391(a)(2) and 1391(a)(1).  Further, Tillotson's alternative request to transfer should be denied because Tillotson has failed entirely to sustain its burden to establish that Ansell's chosen forum should be disregarded and that transfer is appropriate in this case.  In addition, because

[7]    In fact, Tillotson failed to address a number of the private and public considerations identified in the caselaw from this district.  See, e.g., Bosworth, 180 F. Supp. 2d at 127-28; Kempthorne, 2008 WL 1862298 at *3-6.  However, because Tillotson bears the burden to demonstrate that transfer is appropriate, any failure to address a consideration cannot weigh in favor of transfer.  See Kempthorne, 2008 WL 1862298 at *6.

[8]    Although Ansell considers that it would be improper for Tillotson to seek to support its burden on this issue by introducing new information in any reply brief, should Tillotson do so, Ansell reserves the right to seek leave to respond by sur-reply.

Tillotson's Motion amounts to an unreasonable multiplication of these proceedings under 28

U.S.C. § 1927, the Court should award Ansell its costs, expenses and attorneys' fees reasonably

incurred in opposing Tillotson's Motion

      Pursuant to LCvR 78.1, Ansell respectfully requests an oral hearing.


DATE:   May 30, 2008                                   /s/

                                 David M. Morris
                                 D.C. Bar No. 432593
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 1111 Pennsylvania Avenue, N.W.
                                 Washington, DC  20004
                                 Telephone:  (202) 739-3000
                                 Facsimile:  (202) 739-3001

                                 Of Counsel:

                                 Thomas B. Kenworthy
                                 David W. Marston Jr.
                                 Kenneth J. Davis
                                 Rebecca J. Hillyer
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 1701 Market Street
                                 Philadelphia, Pennsylvania  19103-2921
                                 Telephone:  (215) 963-5000
                                 Facsimile:  (215) 963-5001

                                 *Counsel for Counterclaimants*
                                 *Ansell Healthcare Products LLC and*
                                 *Ansell Protective Products Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2008, I caused copies of the foregoing Ansell Parties'

Opposition to Tillotson Corporation's Motion to Dismiss or in the Alternative to Transfer to be

served upon the following persons as indicated below:

### <u>VIA HAND DELIVERY</u>

Brian Meiners, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC  20006-2706

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

DATED:   May 30, 2008                               _____/s/_____
                                                    David M. Morris
                                                    D.C. Bar No. 432593
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1111 Pennsylvania Avenue, N.W.
                                                    Washington, DC  20004
                                                    Telephone:  (202) 739-3000
                                                    Facsimile:  (202) 739-3001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**<br><br>       **Counterclaimants,**<br><br>  **v.**<br><br>**TILLOTSON CORPORATION,**<br><br>       **Counterclaim Defendant.** | **C.A. 1:08-CV-585-RMC** |

**[PROPOSED] ORDER DENYING TILLOTSON CORPORATION'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

THIS MATTER is before the Court on Counterclaim Defendant Tillotson Corporation's Motion to Dismiss for Improper Venue or in the Alternative to Transfer. Upon consideration of submissions of the parties, and argument of counsel, if any, it is ORDERED that the motion be, and hereby is, DENIED.

In addition, the Court finds that the Ansell parties are entitled to an award of costs, expenses and attorneys' fees reasonably expended in opposing Tillotson's Motion to Dismiss for Improper Venue or in the Alternative to Transfer. Within 10 days from the entry of this Order, the Ansell parties shall file a declaration to document their costs, expenses and fees so expended.

It is SO ORDERED.

Dated: _____, 2008

_____
Rosemary M. Collyer
United States District Judge