IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,<br><br>   Counterclaimants,<br><br>  v.<br><br>TILLOTSON CORPORATION,<br><br>   Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

## JOINT RULE 26(f) REPORT

Counterclaimants Ansell Healthcare Products LLC and Ansell Protective Products Inc. (collectively "Ansell" or "the Ansell parties") and Counterclaim Defendant Tillotson Corporation ("Tillotson") hereby submit their Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

On June 27, 2008, the parties conducted a telephonic conference through counsel to discuss the matters set forth in LCvR 16.3(c) and Rule 26(f) of the Federal Rules of Civil Procedure, and report the following results from that conference:

  1.  Whether Case Likely Disposed By Dispositive Motion

Tillotson has filed "Tillotson Corporation's Motion to Dismiss for Improper Venue or In the Alternative to Transfer," which is now fully briefed and sets forth the parties' respective positions on the issues raised. The Ansell parties have requested oral argument, a request that Tillotson has opposed. Tillotson will move to stay discovery in this matter pending the final judgment in the proceeding before the International Trade Commission ("ITC"), In The Matter of Certain Nitrile Gloves, Inv. No. 337-TA-608. The Ansell parties intend to oppose such a

motion because, *inter alia*, no decision by the ITC will have any *res judicata* or collateral estoppel effect in this action.

    2.    Date By Which Other Parties Shall Be Joined or the Pleadings Amended and Whether Factual or Legal Issues Can Be Agreed Upon or Narrowed.

The parties do not believe that there are any additional parties that will be joined, and agree that a deadline for such joinder may be set. The Ansell parties believe that **the deadline should be August 8, 2008**, whereas Tillotson believes it should be set as **45 days after Tillotson's Answer is filed and served.** The parties agree that the deadline for amendment of the pleadings should be **30 days after Tillotson's Answer is filed and served**.

    3.    Assignment to Magistrate Judge

The parties agree that this case is not suitable for reference to a magistrate judge for trial.

    4.    Whether a Realistic Possibility for Settlement

The parties agree that there is a very low possibility of settlement at this time, and that the parties' assessment may be altered by the determinations in the ITC proceeding.

    5.    Whether Case Can Benefit From Court's Alternative Dispute Resolution Procedures; Whether Discussed With Clients

The parties do not believe that the case can benefit from the Court's alternative dispute resolution procedures at this time, but may revisit this issue after the determinations in the ITC proceeding.

    6.    Whether Case Can Be Resolved By Dispositive Motion or Motion to Dismiss; Proposed Schedule

The Ansell parties do not believe that the entire case is susceptible to resolution by dispositive motion, although certain issues may be, for example, the validity of Tillotson's patent.

Tillotson believes the entire case is susceptible to resolution by dispositive motion. The

parties agree that the last day to file dispositive motions should be 30 days after the conclusion of expert discovery, or by **March 2, 2009.** The parties further agree that the briefing schedule in the Local Rules should be modified such that opposition briefs to dispositive motions should be due **March 23, 2009**, and reply briefs due **April 6, 2009**.

    7.  Whether Parties Should Dispense With or Modify Initial Disclosures

The parties agree that they should make initial disclosures as dictated by Rule 26(a) of the Federal Rules of Civil Procedure, and that the disclosures should be served on **July 25, 2008**.

    8.  Anticipated Extent and Scope of Discovery; Schedule; Limits; Protective Order

This action originated as a counterclaim in the ITC. The Ansell parties believe that all discovery that has been taken in the ITC should be available for use in this matter, subject to the Federal Rules of Evidence and to any Protective Order in this action.

Tillotson believes that discovery in this case should proceed according to the Federal Rules of Civil Procedure and the Local Rules of this Court. Tillotson cannot agree to the wholesale use in this matter of materials produced in the ITC proceeding.

Rule 26(f)(3) Discovery Plan Topics:

    a.  Changes to timing of Rule 26(a) disclosures; have they been made or will be made

*See* Comments in paragraph 7, above.

    b.  Subjects on which discovery may be needed; when completed, whether conducted in phases or limited or focused on particular issues

The parties agree that fact discovery should be completed by **October 24, 2008.**

The Ansell parties believe that discovery should proceed on liability issues, such as the prosecution, enforceability and validity of Tillotson's U.S. Patent No. RE 35,616, the assertion and licensing by Tillotson of that patent, and Tillotson's state of mind. The Ansell parties

believe that discovery on their damages claim should be bifurcated and deferred until after discovery and trial of the liability issues in the case.

Tillotson does not believe that bifurcation and deferral of the Ansell parties' damages claim is necessary.

        c.        Issues concerning disclosure or discovery of electronic information

The parties are not aware of any issues concerning information in electronic form at this time.

        d.        Issues about claims of privilege; agreement on procedure for asserting same; whether to include agreement in order

The parties agree that privilege claims should be made as provided in Rule 26(b)(5)(A).

        e.        Changes to discovery limits in Federal or Local Rules

        (1)        Interrogatories

The parties agree that the presumptive limit of 25 written interrogatories in Rule 33(a) of the Federal Rules of Civil Procedure should apply.

        (2)        Depositions

The parties believe that the presumptive limit of the number of depositions in Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure should be modified to expand to fifteen (15) the number of depositions that may be taken by each side.

        (3)        Requests for Production or Inspection

The parties agree that there is no reason at this time to limit the number of requests for production of documents and things.

        (4)        Requests for Admission

The Ansell parties believe that there is no reason at this time to limit the number of requests for admission.

Tillotson believes that thirty (30) requests for admission are sufficient.

        9.        Modification of Expert Discovery Requirements of Rule 26(a)(2) and Whether to Conduct Expert Depositions; Schedule of Depositions

The parties propose the following schedule for completion of expert discovery:

| | |
|---|---|
| Opening Expert Report on Issues on Which Party Bears Burden of Proof at Trial | **November 21, 2008** |
| Responsive Expert Reports | **December 19, 2008** |
| Completion of Expert Depositions | **January 30, 2009** |

        10.        Bifurcation of Trial or Discovery

As noted in paragraph 8.b, above, the Ansell parties believe that discovery should proceed on liability issues, such as the prosecution, enforceability and validity of Tillotson's patent, the assertion and licensing by Tillotson of that patent, and its state of mind. The Ansell parties believe that discovery on their damages claim should be bifurcated and deferred until after discovery and trial of the liability issues in the case.

As notes in paragraph 8.b, above, Tillotson does not believe that discovery or trial of the Ansell parties' damages should be bifurcated or deferred.

        11.        Date for Pretrial Conference

The parties agree that, subject to the Court's convenience, the pretrial conference should be held approximately three (3) months after the completion of dispositive motions briefing, or during the **week of July 6, 2009**.

        12.        Whether to Set a Firm Trial Date or Set Date At Final Pretrial Conference

The parties agree that the Court should set a firm date for trial at the first scheduling conference.

Respectfully submitted,

DATE: July 11, 2008

                /s/
David M. Morris (D.C. Bar No. 432593)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

Thomas B. Kenworthy (Admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001

*Counsel for Counterclaimants*
*Ansell Healthcare Products LLC and*
*Ansell Protective Products Inc.*


                /s/
Brian R. Meiners (D.C. Bar No. 482039)
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC  20006-2706
Telephone:  (202) 626-2910

Milton Russell Wofford (Admitted *Pro Hac Vice*)
Stephen Paul Cummings (Admitted *Pro Hac Vice*)
Asha Camille Jennings (Admitted *Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 572-4711

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,**

      **Counterclaimants,**

    v.

**TILLOTSON CORPORATION,**

      **Counterclaim Defendant.**

C.A. 1:08-CV-585-RMC

**[PROPOSED] SCHEDULING ORDER**

THIS MATTER is before the Court for entry of a Scheduling Order, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, and LCvR 16.3(d).  Upon consideration of the parties' Joint Rule 26(f) Report, and comments from counsel, if any, the Court ORDERS the following for further management of this matter:

**CASE SCHEDULE**

| | |
|---|---|
| Rule 26(a) Initial Disclosures | July 25, 2008 |
| Deadline for Joinder of Parties | **[Ansell position]** August 8, 2008<br><br>**[Tillotson position]** 45 days from service and filing of Answer |
| Deadline for Amendment of Pleadings | 30 days from service and filing of Answer |
| Close of Fact Discovery | October 24, 2008 |
| Opening Expert Reports on Issues on Which Party Bears Burden of Proof at Trial | November 21, 2008 |

1-WA/2999981.1

| | |
|---|---|
| Responsive Expert Reports | December 19, 2008 |
| Completion of Expert Depositions | January 30, 2009 |
| Last Day to File Dispositive Motions | March 2, 2009 |
| Oppositions to Dispositive Motions Due | March 23, 2009 |
| Reply Briefs in Support of Dispositive Motions | April 6, 2009 |
| Pretrial Conference | |
| Trial Begins | |

**MODIFICATION OF DISCOVERY RULES**

    1.    Initial Disclosures

The parties shall serve initial disclosures by July 25, 2008.

    2.    Bifurcation of Discovery

**[Ansell Position]** Discovery in this matter shall be bifurcated, with discovery proceeding on issues concerning Tillotson's alleged liability and relevant defenses, but deferred as to issues relating to damages claimed by the Ansell parties. Discovery and trial of damages-related issues shall proceed following discovery and trial of the issues concerning Tillotson's alleged liability.

**[Tillotson Position]** Discovery in this matter shall proceed under the Federal Rules of Civil Procedure without bifurcation or deferral of the Ansell parties' damages claims.

    3.    Changes to discovery limits in Federal or Local Rules

With the following exception(s), the limitations on discovery in the Federal Rules of Civil Procedure shall govern this action:

- 3 -

    a.    Depositions. The presumptive limit on depositions in Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure is modified so that the parties may take up to fifteen (15) depositions per side of up to seven (7) hours each.

    b.    Requests for Admission.

**[Ansell Position]**  The Federal Rules of Civil Procedure apply.

**[Tillotson Position]**  The parties shall be limited to 30 requests for admission per side.

IT IS SO ORDERED.

Dated: _____, 2008

_____
Rosemary M. Collyer
United States District Judge