IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC., <br><br> Counterclaimants, <br><br> v. <br><br> TILLOTSON CORPORATION, <br><br> Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

**COUNTERCLAIMANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S JULY 30, 2008 ORDER
TRANSFERRING THE CASE TO THE DISTRICT OF DELAWARE**

Pursuant to Fed. R. Civ. P. 59(e), and for the reasons set forth in the accompanying memorandum of law, counterclaimants Ansell Healthcare Products LLC and Ansell Protective Products Inc. respectfully move for reconsideration of the Court's July 30, 2008 Order transferring this case to the District of Delaware.

Respectfully submitted,

DATED:  August 4, 2008

                                    /s/
David M. Morris (D.C. Bar No. 432593)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 739-5882
Facsimile:   (202) 739-3001
dmorris@morganlewis.com

and

Thomas B. Kenworthy (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Telephone:  (215) 963-5702
Facsimile:   (215) 963-5001
tkenworthy@morganlewis.com

*Counsel for Counterclaimants
Ansell Healthcare Products LLC
and Ansell Protective Products Inc.*

**CERTIFICATE OF SERVICE**

I, DAVID M. MORRIS, do hereby certify that on this date, I caused copies of the foregoing Counterclaimants' Motion For Reconsideration Of The Court's July 30, 2008 Order Transferring The Case To The District Of Delaware to be served upon the following individuals by Electronic and First Class Mail:

>Brian Meiners, Esquire
>KING & SPALDING LLP
>1700 Pennsylvania Avenue, N.W.
>Suite 200
>Washington, DC  20006-2706
>
>Russell Wofford, Jr., Esquire
>KING & SPALDING LLP
>1180 Peachtree Street, N.E.
>Atlanta, Georgia  30309
>
>*Counsel for Counterclaim Defendant Tillotson Corporation*

DATED:   August 4, 2008                                             /s/
                                                                                    DAVID M. MORRIS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>TILLOTSON CORPORATION,<br><br>　　　　Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

**MEMORANDUM IN SUPPORT
OF COUNTERCLAIMANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S JULY 30, 2008 ORDER
TRANSFERRING THE CASE TO THE DISTRICT OF DELAWARE**

**I.   Introduction**

On May 15, 2008, counterclaim defendant Tillotson Corporation ("Tillotson") moved to dismiss this action for lack of venue and moved, in the alternative, to transfer the case to the United States District Court for the Northern District of Georgia. Prior to filing that motion to transfer, Tillotson's counsel had never conferred with counterclaimants' counsel as required by LCvR7(m). Aside from the fact that Tillotson's counsel never discussed with counterclaimants' counsel the idea of transferring this case to any other district, Tillotson's motion sought, only as alternative relief, the transfer of the case to the Northern District of Georgia. In their opposition to Tillotson's motion, counterclaimants addressed both dismissal for lack of venue and transfer to the Northern District of Georgia. As there was no motion or request for

transfer to the District of Delaware pending, counterclaimants did not address that issue. The issue of a transfer to the District of Delaware arose only in Tillotson's reply brief to which counterclaimants had no right to respond, and they were not able to do so by oral argument because their request for oral argument was not granted.

### II.     Reconsideration Is Appropriate Under The Circumstances

Counterclaimants recognize that "[a] motion for reconsideration has a limited purpose" and "is not a tool to simply re-litigate issues that the Court has already decided." *See Zhu v. United States*, No. Civ. A. 04-1216 (RMC), 2006 WL 13240 *1 (D.D.C. Jan. 3, 2006). Counterclaimants respectfully submit that reconsideration is appropriate here because they have not had the opportunity to litigate whether this case should be transferred to the District of Delaware[1] and because there are meritorious grounds for not transferring this case to the District of Delaware.

### III.    The Interests Of Justice Are Not Furthered
###        By Transfer To The District Of Delaware

The invalid and unenforceable patent that Tillotson has been enforcing against, *inter alia*, counterclaimants' suppliers and customers, expires in May of 2010. Tillotson continues to utilize the risks and costs of litigation to cause suppliers, customers and potential customers of counterclaimants to enter into agreements whereby they agree not to purchase nitrile gloves from counterclaimants. The full damage to counterclaimants will be difficult to

---

[1]    This issue was first raised in Tillotson's reply brief and it is black letter law that "[i]ssues may not be raised for the first time in a reply brief." *See Rollins Environmental Services v. EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991).

ascertain and counterclaimants' remedies at law are not adequate.  The proposed Scheduling Order jointly submitted in this Court should permit a trial of this case by the summer of 2009.  *See* Exhibit A hereto.

In its July 30 Order, the Court noted that "[t]he current status of the Delaware litigation is not revealed by the parties." [July 30 Order at 4].  The Court also noted that "[t]he parties have presented no evidence regarding the relative congestion of the respective courts but the Court has 'no reason to suspect the [District of Delaware]'s docket could not accommodate this case.'" [*Id*. at 7].

The status of the Delaware litigation is that both cases are stayed pursuant to 28 U.S.C. § 1659(a), *see* Exhibit B hereto, and those stays will remain in effect until any appeals to the Federal Circuit are exhausted.  *In re Princo*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).  The pending litigation in Delaware is, thus, not in a position where it could be consolidated with this action upon a transfer.  Moreover, although counterclaimants' causes of action in this case arise under the laws of the District of Columbia, *see* Amended Counterclaim, ¶ 17, the resolution in this case of ancillary federal law issues relating to the validity and unenforceability of Tillotson's '616 patent will be binding on both Tillotson and counterclaimants in the Delaware litigation under principles of *res judicata* and/or collateral estoppel, and there will therefore be no duplicative trial of those issues.

It is the serious crisis in the docket of the District of Delaware caused by an unusually long vacancy on the federal bench that strongly militates against transferring this case to that District.  *See* Exhibit C hereto.  The strain that already exists on the short-handed District of Delaware has necessitated the highly unusual procedure whereby for the next year, one out of every four newly-filed cases in the District of Delaware will be assigned to one of six judges

from the United States District Court for the Eastern District of Pennsylvania.  *Id*.  That strain should not be exacerbated by the discretionary transfer of this case.

### IV.  Conclusion

Counterclaimants respectfully request the Court to reconsider its July 30, 2008 Order insofar as it ordered the transfer of this case to the District of Delaware, and upon reconsideration, deny Tillotson's request for transfer to the District of Delaware.

Respectfully submitted,

DATED:   August 4, 2008                                 /s/
David M. Morris (D.C. Bar No. 432593)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 739-5882
Facsimile:   (202) 739-3001
dmorris@morganlewis.com

and

Thomas B. Kenworthy (Admitted Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Telephone:  (215) 963-5702
Facsimile:   (215) 963-5001
tkenworthy@morganlewis.com

*Counsel for Counterclaimants
Ansell Healthcare Products LLC
and Ansell Protective Products Inc.*

# CERTIFICATE OF SERVICE

I, DAVID M. MORRIS, do hereby certify that on this date, I caused copies of the foregoing Memorandum In Support Of Counterclaimants' Motion For Reconsideration Of The Court's July 30, 2008 Order Transferring The Case To The District Of Delaware to be served upon the following individuals by Electronic and First Class Mail:

>Brian Meiners, Esquire
>KING & SPALDING LLP
>1700 Pennsylvania Avenue, N.W.
>Suite 200
>Washington, DC 20006-2706
>
>Russell Wofford, Jr., Esquire
>KING & SPALDING LLP
>1180 Peachtree Street, N.E.
>Atlanta, Georgia 30309
>
>*Counsel for Counterclaim Defendant*
>*Tillotson Corporation*

DATED: August 4, 2008                              /s/
                                                   DAVID M. MORRIS

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC., <br><br> Counterclaimants, <br><br> v. <br><br> TILLOTSON CORPORATION, <br><br> Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

## [PROPOSED] SCHEDULING ORDER

THIS MATTER is before the Court for entry of a Scheduling Order, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, and LCvR 16.3(d). Upon consideration of the parties' Joint Rule 26(f) Report, and comments from counsel, if any, the Court ORDERS the following for further management of this matter:

## CASE SCHEDULE

| | |
|---|---|
| Rule 26(a) Initial Disclosures | July 25, 2008 |
| Deadline for Joinder of Parties | **[Ansell position]** August 8, 2008 <br><br> **[Tillotson position]** 45 days from service and filing of Answer |
| Deadline for Amendment of Pleadings | 30 days from service and filing of Answer |
| Close of Fact Discovery | October 24, 2008 |
| Opening Expert Reports on Issues on Which Party Bears Burden of Proof at Trial | November 21, 2008 |

| Responsive Expert Reports | December 19, 2008 |
|---|---|
| Completion of Expert Depositions | January 30, 2009 |
| Last Day to File Dispositive Motions | March 2, 2009 |
| Oppositions to Dispositive Motions Due | March 23, 2009 |
| Reply Briefs in Support of Dispositive Motions | April 6, 2009 |
| Pretrial Conference | |
| Trial Begins | |

**MODIFICATION OF DISCOVERY RULES**

1. Initial Disclosures

The parties shall serve initial disclosures by July 25, 2008.

2. Bifurcation of Discovery

**[Ansell Position]** Discovery in this matter shall be bifurcated, with discovery proceeding on issues concerning Tillotson's alleged liability and relevant defenses, but deferred as to issues relating to damages claimed by the Ansell parties. Discovery and trial of damages-related issues shall proceed following discovery and trial of the issues concerning Tillotson's alleged liability.

**[Tillotson Position]** Discovery in this matter shall proceed under the Federal Rules of Civil Procedure without bifurcation or deferral of the Ansell parties' damages claims.

3. Changes to discovery limits in Federal or Local Rules

With the following exception(s), the limitations on discovery in the Federal Rules of Civil Procedure shall govern this action:

    a.    Depositions. The presumptive limit on depositions in Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure is modified so that the parties may take up to fifteen (15) depositions per side of up to seven (7) hours each.

    b.    Requests for Admission.

**[Ansell Position]** The Federal Rules of Civil Procedure apply.

**[Tillotson Position]** The parties shall be limited to 30 requests for admission per side.

IT IS SO ORDERED.

Dated: _____, 2008

_____
Rosemary M. Collyer
United States District Judge

# Exhibit B

Case 1:06-cv-00527-JJF   Document 119   Filed 11/14/2007   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TILLOTSON CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. 06-527 (JJF) |
| ANSELL PROTECTIVE PRODUCTS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TILLOTSON CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. 07-93 (JJF) |

[PROPOSED] ORDER

AND NOW, this ___14___ day of November, 2007, upon consideration of Plaintiffs' Unopposed Motion For Stay Pursuant To 28 U.S.C. § 1659(a), it is hereby ORDERED that said motion is GRANTED. The above-captioned actions are hereby STAYED until the determination of the United States International Trade Commission in Inv. No. 337-TA-608 becomes final or further order of this Court.

_____ J.

# Exhibit C

# Phila. to aid Del. federal court
## Judges will take civil cases to ease long bench vacancy

By SEAN O'SULLIVAN • The News Journal • July 30, 2008

WILMINGTON -- Facing an unusually long, if not unprecedented, vacancy on the federal bench, the U.S. District Court for Delaware is implementing an unusual and perhaps unprecedented solution.

Six judges from the Philadelphia federal court will be assigned to hear civil cases from Delaware over the next year to ease the strain on the shorthanded Wilmington-based court.

One from the panel of six will be randomly assigned every fourth, newly filed civil case beginning this week.

And in comments Tuesday to a lunch meeting of the Delaware chapter of the Federal Bar Association, Chief District Judge Gregory M. Sleet said additional help may also be on the way from federal judges in New Jersey.

Jules Epstein, an associate professor at Widener University School of Law, was surprised by the announcement because he said federal judges in Philadelphia already have plenty to keep them busy.

"Philadelphia does not have a light docket, so that they are robbing Peter to pay Paul is testament to how difficult things are in Delaware," he said, adding the Philadelphia federal court has several vacancies of its own.

Many in Delaware's legal community have been concerned about the more than 18-month- long vacancy on the federal bench, fearing it is causing delays, overtaxing judges and the court system and damaging the court's reputation for speedy and efficient resolutions.

"Hallelujah," said Wilmington attorney Thomas Neuberger on Tuesday. "It is certainly a happy day for litigants. Justice delayed is always justice denied," he said, adding the federal system has been stressed for a while.

Sleet said the empty position on his court, which was created when Judge Kent Jordan was elevated to the U.S. 3rd Circuit Court of Appeals in December 2006, has been "a major challenge."

One judge said privately that dealing with the current caseload is like "putting your face in a fire hose to try to get a drink of water."

The Delaware federal court only has four district judge positions, so the loss of one is a 25 percent reduction.

Professor Tom Reed at Widener, who is involved with some civil litigation in the Delaware federal court, said the lengthy vacancy "is really hurting the efficiency of the court. No question about it."

U.S. Attorney Colm F. Connolly has been named by President Bush to replace Jordan, but it

appears the nomination is stuck in the Democratically controlled Senate Judiciary Committee with little chance of confirmation.

**Nomination in limbo**

Earlier this month, Senate Republicans boycotted a business meeting of the committee because no action was planned on any of nearly 30 pending judicial nominees across the country, including the one in Delaware.

"Because that nomination is in limbo, there is probably no other thing that is reasonable to do," Reed said.

Attorney Jeffrey Martin welcomed the announcement by Sleet, but added, "My regret is that we had to get to this point and that politics has had to play such a major part in our judicial system." Martin said he was disappointed in Delaware's two Democratic senators, Tom Carper and Joe Biden, for not getting a replacement for Jordan by now. As a result, he said, the court system has been bogged down in delays.

According to attorneys and court officials, using a panel of outside judges like this has never been done before in Delaware and has rarely been done elsewhere. While federal courts routinely have visiting judges on a case-by-case basis, it is unusual to have a full panel of six visiting judges assigned to a district for such a long time.

Over the past several months, some have expressed concerns that there could be an economic impact if the situation continued. Business leaders and attorneys believe the federal court's ability to attract large and complex corporate litigation has yielded a financial benefit for the state and Wilmington and the extended vacancy was threatening that income.

Anthony Giobbe, operations manger for Blue Marble Logistics, a legal research and courier service in downtown Wilmington, said they definitely see a jump in business when large corporate lawsuits are heard in federal court.

"They will call us to move in and out of court, and will call us to pick up transcripts on the day of the trials," he said. The cases involve "million- and billion-dollar corporations, [that] bring a lot of money to town. And they want everything to run smooth."

The cases also bring dozens of attorneys who pack downtown hotels and restaurants.

Attorney James Parret, the president of the Delaware Chapter of the Federal Bar Association, said it was clear things were reaching "a straining point" and the situation could not continue.

As for the new panel of judges, Sleet said they will likely handle pre-trial matters from Philadelphia and any hearings will likely be held there.

However, he said any trials involving those judges are expected to remain in Delaware.

Sleet also noted that the out-of-state judges will only be handling civil matters. All criminal cases will still be handled by Delaware-based judges.

The move to give Delaware judges help was coordinated over the past week between Sleet, the Eastern District of Pennsylvania Chief Judge Harvey Bartle III and Third Judicial Circuit Chief Judge Anthony J. Scirica, who signed the order this week.

The six judges assigned to Delaware include Bartle along with judges Stewart Dalzell, Legrome D. Davis, J. Curtis Joyner, Robert F. Kelly and Eduardo C. Robreno.

The order states the six will be assigned to hear Delaware cases until July 27, 2009, "and for such additional time thereafter as may be required to complete unfinished business."

If Connolly's nomination to the Delaware federal court is not acted on by the Senate by the end of the year, it will expire.

It will then be up to the new president to re-start the selection process and up to the new Senate

to confirm the nomination, something that will likely take at least six months, and possibly much longer.

That means, unless Democrats and Republicans reach some kind of unexpected agreement, the Delaware court will not get a replacement for Jordan until July 2009 at the earliest.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, and ANSELL PROTECTIVE PRODUCTS INC.,<br><br>      Counterclaimants,<br><br>  v.<br><br>TILLOTSON CORPORATION,<br><br>      Counterclaim Defendant. | C.A. 1:08-CV-585-RMC |

**[PROPOSED] ORDER GRANTING COUNTERCLAIMANTS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 30, 2008 ORDER TRANSFERRING THE CASE TO THE DISTRICT OF DELAWARE**

THIS MATTER is before the Court on Counterclaimants' Motion for Reconsideration of the Court's July 30, 2008 Order Transferring the Case to the District of Delaware. Upon consideration of submissions of the parties, and argument of counsel, if any, it is ORDERED that counterclaimants' motion be, and hereby is, GRANTED.

Upon reconsideration of Tillotson Corporation's Motion to Dismiss or in the Alternative to Transfer, Tillotson's motion to dismiss or to transfer is DENIED.

It is SO ORDERED.

Dated: _____, 2008

                                          _____
                                          Rosemary M. Collyer
                                          United States District Judge

**CERTIFICATE OF SERVICE**

I, DAVID M. MORRIS, do hereby certify that on this date, I caused copies of the foregoing [Proposed] Order Granting Counterclaimants' Motion For Reconsideration Of The Court's July 30, 2008 Order Transferring The Case To The District Of Delaware to be served upon the following individuals by Electronic and First Class Mail:

>Brian Meiners, Esquire
>KING & SPALDING LLP
>1700 Pennsylvania Avenue, N.W.
>Suite 200
>Washington, DC  20006-2706
>
>Russell Wofford, Jr., Esquire
>KING & SPALDING LLP
>1180 Peachtree Street, N.E.
>Atlanta, Georgia  30309
>
>*Counsel for Counterclaim Defendant*
>*Tillotson Corporation*

DATED:  August 4, 2008                              /s/
                                                              DAVID M. MORRIS