UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, *et al.*, | ) ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | Civil Action No. 08-585 (RMC) |
| TILLOTSON CORPORATION, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

## ORDER

On July 30, 2008, the Court transferred this action to the District Court for the District of Delaware. The Court explained:

> The parties to this litigation are caught up in a massive struggle over the legitimacy of a patent covering an "elastomeric material" that is peculiarly suited to making surgical gloves that conform to the shape of a surgeon's hands but do not exert pressure that might numb the hands. Litigation is being pursued in federal courts in Georgia, Delaware, and the District of Columbia, as well as before the International Trade Commission ("ITC"). In this Court, Ansell Healthcare Products LLC and Ansell Protective Products, Inc. (collectively, "Ansell" or "Ansell Counterclaimants"), importers and sellers of surgical gloves, allege that a patent to the elastromeric material owned by Tillotson Corporation ("Tillotson") was obtained by fraudulent and inequitable conduct and is, therefore, invalid. Ansell has sought a declaratory judgment in Delaware that its gloves do not infringe on Tillotson's patent. Inasmuch as these parties are already joined in litigation concerning the legitimacy of the Tillotson patent [in Delaware], it is neither efficient nor economical to conduct a separate suit over the same issues in the District of Columbia. This case will be transferred to the United States District Court for the District of Delaware.

*See* Mem. Op. [Dkt. # 20] at 1. The Court applied 28 U.S.C. § 1404(a) and found that a transfer to Delaware would prevent waste of time, energy, and money and would protect the litigants and

witnesses against unnecessary inconvenience and expense. *See id.* at 5-7. Ansell now moves for reconsideration.

A motion for reconsideration "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Ansell complains that the related cases pending in Delaware have been stayed pending resolution of related litigation before the U.S. International Trade Commission, *see* Ansell's Mot. for Recons., Ex. B, and that there is a vacancy on the bench in Delaware, causing docket delays. Such complaints do not satisfy the criteria for reconsideration. Ansell has not shown an intervening change in the law, new evidence, or the need to correct a clear error or prevent injustice.[1]

For the reasons stated above, it is hereby

**ORDERED** that Ansell's Motion for Reconsideration [Dkt. # 22] is **DENIED**; and it is

**FURTHER ORDERED** that Tillotson's Motion to Stay [Dkt. # 19] is **DENIED** without prejudice as moot; and it is

---

[1] It should also be noted that Ansell requested the stay in the cases pending in Delaware. *See* Tillotson's Opp'n to Ansell's Mot. for Recons., Ex. D.

**FURTHER ORDERED** that the telephone conference regarding the parties' discovery dispute(s) is hereby vacated.


Date: August 22, 2008                                        /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge